1  Daniel J. Weintraub - Bar #132111
   Han K. Lee - Bar #221888
2  WEINTRAUB & SELTH, APC
   12121 Wilshire Boulevard, Suite 1300
3  Los Angeles, CA 90025
   Telephone: (310) 207-1494
4  Facsimile: (310) 442-0660

5  [Proposed] Attorneys for Debtor
   and Debtor-In-Possession,
6  TEMIDAYO AKINYEMI

7
                    UNITED STATES BANKRUPTCY COURT
8
                CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES
9

10
                                    )  Case No. 2:09-bk-17862-EC
11                                   )
                                     )
12                                   )  Chapter 11
                                     )
13 In re                            )
                                     )  APPLICATION FOR ORDER
14 TEMIDAYO AKINYEMI,               )  AUTHORIZING DEBTOR AND DEBTOR-
                                     )  IN-POSSESSION TO EMPLOY
15                                   )  WEINTRAUB & SELTH, APC, AS
                     Debtor.        )  GENERAL BANKRUPTCY COUNSEL;
16                                   )  DECLARATIONS OF TEMIDAYO
                                     )  AKINYEMI AND DANIEL J. WEINTRAUB
17                                   )
                                     )
18                                   )  [No Hearing Required - Local
                                     )  Bankr. R. 2014-1(b)(1)]
19                                   )
                                     )
20                                   )
                                     )
21                                   )
                                     )
22 _____ )

23

24

25

26

27

28

                                    1

1  **TO THE HONORABLE ELLEN CARROLL, UNITED STATES BANKRUPTCY JUDGE:**

2       TEMIDAYO AKINYEMI ("Debtor"), the debtor and debtor-in-

3  possession in the above-captioned case, hereby moves the Court for

4  an order approving the employment of Weintraub & Selth, APC

5  ("WS"), as Debtor's new general bankruptcy counsel on the terms

6  and conditions stated below.

7                            **I.**

8                        **THE FACTS**

9  A.   **Introduction**.

10      Debtor commenced this bankruptcy case by filing a voluntary

11  petition under Chapter 11 of the Bankruptcy Code on April 3, 2009.

12  Debtor continues to manage his financial affairs as a debtor in

13  possession pursuant to 11 U.S.C. §§ 1107 and 1108.

14      On May 1, 2009, Debtor filed an application to employ Jerome

15  S. Cohen ("Cohen") as his general bankruptcy counsel.  On May 27,

16  2009, the Court entered an order approving Debtor's employment of

17  Cohen.  Debtor was authorized to provide a pre and post petition

18  retainer to Cohen as follows:

19  •    For pre-petition work, Cohen received and would be paid

20       $8,000.00, which was earned upon receipt; and

21  •    Post-petition for the duration of the case, Debtor would make

22       monthly deposits to Cohen's trust account in the amount of

23       $7,500.00, which Cohen could draw upon following his

24       compliance with the United States Trustee's procedures for

25       applying trust monies (ie., Guide To Applications For

26       Retainers And Professional and Inside Compensation).

27

28

The Debtor has decided to retain WS to replace Cohen.  WS is willing to represent the Debtor on the substantially same terms as those approved by the Court concerning Cohen-the only material difference being the monies paid prior to the filing of the chapter 11 case.

**B.    Term of Employment of WS**

On June 22, 2009, WS was retained to represent the Debtor in this case and the parties executed a Substitution of Attorney, which was filed with the Court on June 23, 2009.

WS has agreed to represent Debtor on the conditions set forth below, each of which is set forth in the Retainer Agreement executed by the parties on June 22, 2009.

- Upon execution of the Retainer Agreement, Debtor paid WS the sum of $8,500.00 from Debtor, which has been deposited into a segregated interest-bearing trust account.  WS also made demand upon Mr. Cohen's office for turnover of $7,500 which Debtor paid Mr. Cohen post petition but which had not been applied.  Mr. Cohen's turned over these monies on June 26, 2009 along with the client file;

- Post-petition for the duration of the case, Debtor will make monthly deposits to the WS trust account in the amount of $7,500.00;

- WS may draw upon the monies deposited to trust following compliance with the United States Trustee's procedures for applying trust monies (ie., Guide To Applications For Retainers And Professional and Inside Compensation).

3

1     •    WS shall file interim fee applications not more often

2         than every four (4) months that the case is pending; and

3     •    All compensation paid shall be subject to review

4         pursuant to a final fee application filed at the

5         conclusion of the representation.

6 Akinyemi Dec., ¶ 6,7; Weintraub Dec., ¶ 4-6.

7     A condition of WS's employment is the Court approving the

8 retainer and monthly draw down provision as set forth above.

9

10                              II.

11        **EMPLOYMENT OF WEINTRAUB & SELTH, APC**

12     Debtor has become dissatisfied with advice and services

13 provided by Cohen.  He has interviewed replacement bankruptcy

14 counsel and decided to substitute WS in place of Cohen as his

15 general bankruptcy counsel.  Akinyemi Dec., ¶ 4.

16     WS does not hold or represent an interest adverse to the

17 estate and is a disinterested person as required by section 327(a)

18 of the Bankruptcy Code. Weintraub Dec., ¶ 7.

19     WS does not have a prior relationship with Debtor. Weintraub

20 Dec., ¶ 8.

21     WS has not, is not, and does not intend to represent any

22 related debtors in a bankruptcy case in this or any other court

23 and if asked to do so, will advise this court of that

24 representation.  Weintraub Dec., ¶ 9.

25     WS has not and will not receive any lien or other interest in

26 property of Debtor or a third party to secure payment of WS's

27 fees. Weintraub Dec., ¶ 10.

28

1    It is anticipated that WS will render legal advice to Debtor
2  concerning his rights and responsibilities as a debtor-in-
3  possession, including the requirements of the Bankruptcy Code, the
4  Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules
5  and the OUST requirements and that the professional services which
6  WS has agreed to render will include the following:

7  • To advise Debtor concerning all general administrative
8     matters and its dealings with the Office of the United States
9     Trustee;

10  • To represent Debtor at all hearings before the United States
11     Bankruptcy Court involving Debtor, as debtor-in-possession
12     and as reorganized debtor, as applicable;

13  • To prepare on Debtor's behalf as debtor-in-possession all
14     necessary schedules and amendments thereto, applications,
15     motions, orders and other legal papers;

16  • To advise Debtor regarding matters of bankruptcy law,
17     including Debtor's rights and remedies with respect to
18     assets of the estate and creditor claims;

19  • To represent Debtor with regard to all contested matters;

20  • To represent Debtor with regard to the preparation of a
21     disclosure statement and the negotiation, preparation and
22     implementation of a plan of reorganization;

23  • To analyze any secured, priority or general unsecured claims
24     that have been filed in this bankruptcy case;

25  • To negotiate with Debtor's secured and unsecured creditors
26     regarding the amount and payment of its claims;

27  • To object to claims as may be appropriate; and

28  • To perform all other legal services for Debtor as debtors-in-

1    possession as may be necessary.

2    A true and correct copy of the Retainer Agreement between

3    Debtor and WS, redacted for privilege, is attached to the

4    Declaration of Daniel J. Weintraub, as **Exhibit 1** and is

5    incorporated therein by this reference.   Weintraub Dec., ¶ 2,11.

6

7                               **III.**

8                             **ARGUMENT**

9    Subject to the approval of the Court, Sections 327 and 1108

10   of the Bankruptcy Code authorize a debtor, as a debtor-in-

11   possession, to employ counsel at the expense of the estate.

12   Debtor requires experienced bankruptcy counsel to represent him in

13   matters before the United States Bankruptcy Court and to assist

14   him in reorganizing his financial affairs in this chapter 11 case.

15   WS has represented many debtors in chapter 11 cases before

16   the bankruptcy court, is familiar with the Bankruptcy Code,

17   Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules

18   and is qualified to represent Debtor in this chapter 11 case.   WS

19   is disinterested and does not represent any party adverse to

20   Debtor.

21

22                               **III.**

23                            **CONCLUSION**

24   The proposed employment of WS as general bankruptcy counsel

25   on the terms set forth above is appropriate and should be

26   approved.

27   **WHEREFORE**, Debtor prays that the Court enter its order:

28   1.    Approving the employment of Weintraub & Selth, APC, as

1  general bankruptcy counsel for the estate effective as of June 22,

2  2009, under the terms and conditions set forth above, including

3  the payments made and to be made by the Debtor and draw down of

4  such funds in accordance with the guidelines of the Office of The

5  United States Trustee;

6      2.    Approving WS's rates of compensation and rate of

7  reimbursement for expenses; and

8      3.    For such other and further relief as this Court deems

9  just and proper.

10

11 Dated: June __, 2009                    WEINTRAUB & SELTH, APC

12

13                                         By:

14                                            Daniel J. Weintraub
                                              Han K. Lee
                                              [Proposed] Attorneys for Debtor
15                                            and Debtor-In-Possession,
                                              TEMIDAYO AKINYEMI

16

17

18

19

20

21

22

23

24

25

26

27

28

7

### DECLARATION OF TEMIDAYO AKINYEMI

I, TEMIDAYO AKINYEMI, hereby declare as follows:

1.  I am an individual over the age of eighteen and am the debtor in this bankruptcy case ("Debtor").  Each of the facts contained in this declaration is based on my personal knowledge and if called as a witness, I could and would competently testify thereto.

2.  This declaration is submitted in support of the application to employ Weintraub & Selth, APC, as my general bankruptcy counsel.

3.  On May 1, 2009, I filed an application to employ Jerome S. Cohen ("Cohen") as my general bankruptcy counsel.  On May 27, 2009, the Court entered an order approving Debtor's employment of Cohen.  I was authorized to provide a pre and post petition retainer to Cohen as follows:

    a.  For pre-petition work, Cohen received and would be paid $8,000.00, which was earned upon receipt; and

    b.  Post-petition for the duration of the case, I would make monthly deposits to Cohen's trust account in the amount of $7,500.00, which Cohen could draw upon following his compliance with the United States Trustee's procedures for applying trust monies (ie., Guide To Applications For Retainers And Professional and Inside Compensation).

4.  I have decided to retain WS to replace Cohen.  WS is willing to represent me in this chapter 11 case on the substantially same terms as those approved by the Court concerning Cohen-the only material difference being the monies paid prior to the filing of the chapter 11 case.

5.    On June 22, 2009, I retained WS to represent me in this case and the parties executed a Substitution of Attorney, which was filed with the Court on June 23, 2009.

6.    WS has agreed to represent me on the conditions set forth below, each of which is set forth in the Retainer Agreement executed by the parties on June 22, 2009.

    a.    Upon execution of the Retainer Agreement, I paid WS the sum of $8,500.00, which has been deposited into a segregated interest-bearing trust account. I also authorized WS to make demand upon Mr. Cohen's office for turnover of $7,500 which I paid Mr. Cohen post petition but which had not been applied. Mr. Cohen's turned over these monies on June 26, 2009 along with my file;

    b.    Post-petition for the duration of the case, I will make monthly deposits to the WS trust account in the amount of $7,500.00;

    c.    WS may draw upon the monies deposited to trust following compliance with the United States Trustee's procedures for applying trust monies (ie., Guide To Applications For Retainers And Professional and Inside Compensation);

    d.    WS shall file interim fee applications not more often than every four (4) months that the case is pending; and

    e.    All compensation paid shall be subject to review pursuant to a final fee application filed at the conclusion of the representation.

///

///

///

7.    I understand that a condition of WS's employment is the
Court's approving the retainer and monthly draw down
provision as set forth above.

I declare under penalty of perjury, under the laws of the
United States, that the foregoing is true and correct, and that
this declaration was executed by me on the _1ˢᵗ_ day of ~~June~~, _July_
2009, at Los Angeles, California.


_____
Temidayo Akinyemi

## DECLARATION OF DANIEL J. WEINTRAUB

I, Daniel J. Weintraub, declare and state as follows:

1. I am an attorney duly admitted to practice in the State of California and the United States District Court for the Central District of California.  I am the President of the law firm of Weintraub & Selth, a Professional Corporation ("WS").  Each of the facts contained in this declaration is based on my personal knowledge and if called as a witness, I could and would competently testify thereto.

2.  A true and correct copy of the Retainer Agreement ("Retainer Agreement") between Debtor and WS (redacted for privilege) is attached hereto as **Exhibit 1** and is incorporated herein by this reference.  A copy of the resumes of the attorneys in our firm are attached hereto as **Exhibit 2** and incorporated herein.  The representations contained therein are true and correct.

3.  All of the attorneys of WS have experience representing parties before the bankruptcy court.  All attorneys have read and are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court and the regulations promulgated by the Office of the United States Trustee for Chapter 11 cases.

4.  On June 22, 2009, WS was retained to represent the Debtor in this case and the parties executed a Substitution of Attorney, which was filed with the Court on June 23, 2009.  WS shall represent Debtor in matters before the United States Bankruptcy Court and assist him in reorganizing his financial affairs in this chapter 11 case.

5.    On June 22, 2009, Debtor and WS executed a retainer
agreement and WS received $8,500.00 from Debtor, which has been
deposited into a segregated interest-bearing trust account.    The
parties have agreed that such funds may be applied to the fees and
costs incurred in the course of representing Debtor in the chapter
11 case in accordance with the guidelines of the Office of the
United States Trustee.

6.    In addition to the $8,500.00 already paid, WS and Debtor
have agreed that the retainer shall consist of (1) $7,500.00,
which WS shall seek the turnover from Mr. Cohen's client trust
account and (2) monthly payments of $7,500.00, payable on the 10th
day of each month commencing on July 10, 2009, and continuing each
month thereafter until an order confirming a chapter 11 plan is
entered or the case is converted, which WS may draw upon in
accordance with the guidelines of the OUST.    A condition of WS's
employment is the Court approving the retainer and monthly draw
down provision as set forth above.

7.    WS does not hold or represent an interest adverse to the
estate and is a disinterested person as required by section 327(a)
of the Bankruptcy Code.

8.    WS does not have a prior relationship with Debtor.

9.    WS has not, is not, and does not intend to represent any
related debtors in a bankruptcy case in this or any other court
and if asked to do so, will advise this court of that
representation.

10.    WS has not and will not receive any lien or other
interest in property of Debtor or a third party to secure payment
of WS's fees.

12

1    11.   It is anticipated that WS will render legal advice to

2  Debtor concerning his rights and responsibilities as a debtors-in-

3  possession, including the requirements of the Bankruptcy Code, the

4  Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules

5  and the United States Trustee Guidelines and that the professional

6  services which WS has agreed to render will include the following:

7        a.    To advise Debtor concerning all general administrative

8              matters and its dealings with the Office of the United

9              States Trustee;

10       b.    To represent Debtor at all hearings before the United

11             States Bankruptcy Court involving Debtor, as debtor-in-

12             possession and as reorganized debtor, as applicable;

13       c.    To prepare on Debtor's behalf as debtor-in-possession

14             all necessary schedules and amendments thereto,

15             applications, motions, orders and other legal papers;

16       d.    To advise Debtor regarding matters of bankruptcy law,

17             including Debtor's rights and remedies with respect to

18             assets of the estate and creditor claims;

19       e.    To represent Debtor with regard to all contested

20             matters;

21       f.    To represent Debtor with regard to the preparation of a

22             disclosure statement and the negotiation, preparation

23             and implementation of a plan of reorganization;

24       g.    To analyze any secured, priority or general unsecured

25             claims that have been filed in this bankruptcy case;

26       h.    To negotiate with Debtor's secured and unsecured

27             creditors regarding the amount and payment of its

28             claims;

i.   To object to claims as may be appropriate; and

j.   To perform all other legal services for Debtor as debtors-in-possession as may be necessary.

12.  WS' professionals and paraprofessionals shall be paid at the hourly rates set forth in the retainer agreement, which are the firm's standard hourly rates currently in effect.  Costs will be charged on a pass through basis.  Photocopying is billed at $0.20 per page.  Fax transmissions are billed at $1.00 per page outgoing and $0.20 per page for incoming transmissions.  Mileage is billed at the IRS approved rate of approximately $0.585 per mile.

10.  I have conducted a conflict check concerning Debtor and its creditors.  WS has not previously represented any such parties and has no known relationship with any such parties. Any conflict discovered will immediately be brought to the attention of Debtor, the Court and the Office of the United States Trustee.

11. Except as disclosed herein, WS does not have a prior relationship with Debtor.

12.  No member or employee of WS is a creditor of the estate.

13.  No member or employee of WS has held stock in, served on the Board of Trustees of, or been employed by Debtor.

14.  I am unaware of any adverse interests which WS or any member or employee of WS has to the estate, Debtor or any class of creditors.

15.  No member or employee of WS is a relative or employee of any Bankruptcy Judge or an employee of the Office of the United States Trustee.

16.  WS, has not, is not, and does not intend to represent

1  any related debtor in a bankruptcy case in this or any other

2  Court.

3      17.  WS has not and will not receive any lien or other

4  interest in property of Debtor or a third party to secure payment

5  of WS' fees.

6      18.  WS shall apply the Retainer to the fees and costs

7  incurred in the course of representing Debtor in its Chapter 11

8  case only in accordance with the guidelines of the Office of the

9  United States Trustee.

10     19.  WS shall seek Court approval to be paid for services

11 rendered and costs incurred in excess of the Retainer from funds

12 in the estate, pursuant to a plan or pursuant to other order of

13 the Court.

14     20.  WS agrees that its fees will be subject to final

15 allowance at the time of the filing of a final fee application.

16 WS will file a final application for professional compensation at

17 the conclusion of the case seeking allowance of all fees and

18 costs, regardless of whether interim compensation has been paid.

19     21.  No arrangement exists for the sharing of fees or costs

20 to be awarded in this case.

21     I declare under penalty of perjury, under the laws of the

22 United States, that the foregoing is true and correct, and that

23 this declaration was executed by me on the **30** day of June, 2009,

24 at Los Angeles, California.

25

26                                     Daniel J. Weintraub

27

28

# EXHIBIT "1"



*A Professional Corporation*

ATTORNEYS AT LAW

12121 Wilshire Blvd., Suite 1300 ● Los Angeles, California 90025 ● 310 207-1494 ● fax: 310 442-0660 ● info@wsrlaw.net ● www.wsrlaw.net

File No.: 2725.01

June 22, 2009

Temidayo Akinyemi
1125 East Broadway
No. 226
Glendale, CA 91205

Re:   Chapter 11 Bankruptcy Representation

Dear Mr. Akinyemi:

This letter constitutes a formal agreement whereby you are retaining the law offices of WEINTRAUB & SELTH, APC ("WS") to become your new counsel in your pending Chapter 11 bankruptcy case, U.S.B.C. Case Number 2:09-bk-17862-EC. This letter also introduces you to some of the rules which apply in a Chapter 11 case.

## I.
## INTRODUCTION

WS has agreed to provide you with legal services and you hereby agree to pay fees and costs related to those services.

This letter is divided into five sections. This first section is this introduction. The second section summarizes the background information you have given to us about the situation. The third section describes how we calculate our charges and how the charges are paid. The fourth section contains miscellaneous information about the attorney/client relationship. The last section provides you with an introduction to some of the rules of Chapter 11.

By signing this agreement, you are hiring WS to help you with the legal matter described above.

Initial here: _TA_

*Weintraub&Selth*

Temidayo Akinyemi
June 22, 2009
Page 2

## II.
## BACKGROUND SUMMARY

This section summarizes the background information you have provided about the current situation. Our legal advice will be based on that information, and that advice can only be as good as the information we received. Please read the summary and bring any errors to our attention.

In general, the facts of your case are as set forth in the Case Status Conference Report filed in your case on June 10, 2009, a copy of which is attached hereto for your reference. In addition to those facts, you have advised us of the following:

1.    Your primary assets are six (6) pieces of residential real estate including single family residences, condominiums and two multi-unit apartment buildings.

2.    You are also the sole owner and manager of two (2) limited liability companies, each of which owns certain real property and neither of which is a debtor in a bankruptcy case. The mortgage on both LLC properties are in default or in "workout."

3.    Your primary liabilities are the secured obligations encumbering the assets above, as well as over $600,000 in unsecured obligations.

4.    You are hopeful that the secured obligations can be restructured through "lien stripping" and modification of interest rates on such obligations.

Initial here: TA

*Weintraub&Selth*

Temidayo Akinyemi
June 22, 2009
Page 3

## III.

## FEES, COSTS, BILLS AND RETAINERS

Our goal is to charge a reasonable fee for the work we do. We want you to feel comfortable knowing that whenever you call, regardless of the legal problem, you will get quality work at a fair price or a referral to someone with the same concern for quality and fairness. That process begins with a detailed explanation of our billing procedures so that you can read and understand our bills.

The WS billing process was designed to give you very detailed information about what we are doing, who is doing the work, how much time is spent, the rates being charged and the incidental expenses being incurred. There are two types of charges which appear in different sections on our bills: "fees" and "costs". Fees are what you pay for professional time spent working on your case. The time of each professional is multiplied by the hourly rate for that professional. The totals are then added. Costs are out of pocket expenses related to your case which we advance for you. You agree to reimburse us for those costs.

Fees. Fees are billed in intervals of one tenth (.10) of an hour. The hourly rates for each billing professional are listed on a schedule included with this letter. Those rates reflect different levels of experience and training. WS will not raise existing rates more than once per year and you will receive a notice at least 30 days before any rates are increased. WS may add new professionals without notice.

Each entry on your bill for fees identifies the professional doing the work, the date of the work, a description of the work, the amount of time involved, the hourly rate, and the actual dollar cost for the item.

Costs. Only costs directly related to your case are included on your bill. For example, we do not charge a library fee or an overhead fee because there is no fair way to allocate those costs to individual clients. We do charge you, at our cost, for messenger services, long distance telephone calls, filing fees, deposition costs, postage, parking charges, outside copying jobs, and similar items. In office copies and incoming faxes are charged at $.20 per page. Outgoing faxes are charged $1.00 per page. We charge you at the rate of $.585 per mile for any car travel.

Each entry on your bill for costs identifies the type of cost, the date incurred, the amount, and other identifying information for "large" amounts.

Initial here: T.A.

*Weintraub&Selth*

Temidayo Akinyemi
June 22, 2009
Page 4

<u>Bills</u>.  PLEASE REVIEW OUR BILLS.  We are human and we do occasionally make mistakes.  Call us about any suspected errors. The bills show a beginning balance, current charges, credits, adjustments and the ending balance.  Payments received after the first of the following month appear on the next statement.

<u>Retainer</u>.  In view of the fact that you have requested that we substitute into a pending chapter 11 case, you have agreed to pay the firm a post petition retainer.  The post petition retainer will be paid as follows:

1.     You shall pay our office the sum of $8,500.00, which sum we have already received;

2.     We shall seek the turnover of $7,500.00 from your prior bankruptcy counsel Jerome S. Cohen;

3.     You shall make monthly payments of $7,500.00, payable on the 10th day of each month commencing on July 10, 2009, and continuing each month thereafter until an order confirming a chapter 11 plan is entered or the case is converted.

A condition of our employment is the court approving the retainer and monthly draw down provision as set forth in this agreement.  We shall request that the court permit us to draw down on the retainer funds in accordance with the Guide To Applications For Retainers And Professional and Insider Compensation ("Compensation Guide") published by the Office of the United States Trustee.  Pursuant to the Compensation Guide, our office sends a notice attaching the previous month's bill to the debtor, the United States Trustee and the 20 Largest Unsecured Creditor's.  Provided no objection is received, we are permitted to draw down on the retainer.  A RETAINER IS NOT THE TOTAL FEE, NOR IS IT AN ESTIMATE OF THE TOTAL FEE.  It is a down-payment which will be used to pay fees and costs as they are charged. If fees and costs exceed the retainer, you will be responsible for paying the difference.

<u>Source of the Retainer</u>.  Due to strict conflict of interest laws built into the Bankruptcy Code, we must know who pays our retainer and where the money came from.  In this case, we shall be paid by you our client as set forth above.

<u>Post-Petition Payments</u>.  We shall be permitted to draw down on the client trust account without a Court order provided we are in compliance with the Compensation Guide of the Office of the United States Trustee.  In addition, we shall file interim fee applications, as appropriate, seeking Court approval of our fees and expenses and a final fee application at the conclusion of the case. Any monies remaining in trust after payment of Court approved fees and costs will be utilized to pay allowed claims of the chapter 11 estate.

Initial here: _____ TA

*Weintraub&Selth*

Temidayo Akinyemi
June 22, 2009
Page 5

Additional Fees and Costs.  The rules of Chapter 11 prohibit the payment of fees and costs without specific Court authorization.  For that reason, fees and costs beyond the retainer must accrue until we get proper Court authorization.  The accrued amounts become due and payable on the day the Court enters an Order approving payment.  The court order is the same as a judgment, so interest accrues at the federal judgment rate.

Fee Estimates.  Some of our clients ask us to estimate their fees and costs for the Chapter 11 case.  Chapter 11 cases are complex and involve many people.  One or more of those people may take legal action against you during the case.  Some actions are predictable; most are not.  The actions may be settled quickly, or may require multiple Court hearings.  These challenges are initiated by others.  You, the client, must decide how vigorously you wish to respond.  Accordingly, reliable fee estimates are impossible.  By signing this letter, you confirm your understanding that fee estimates are completely unreliable and that you will be responsible for fees and costs even if they are greater than any estimate.

Fee Disputes.  We agree that in the unlikely event of a fee dispute, the dispute shall be resolved by the Bankruptcy Court.

## IV.

## MISCELLANEOUS ITEMS

Start Date.  Our obligation to provide you with legal services begins ONLY when we receive a signed copy of this letter AND when we receive at the full amount of your retainer. You become entitled to receive the benefit of services provided before that date on when you pay any fees and costs related to those services.

Communication.  Because new issues can surface with little or no notice, we must be able to reach you quickly either to get information, provide you with options, or get copies of documents. Please make sure that we always have your current address, phone, facsimile, pager and cell phone numbers.  If you are planning a vacation or will not be reachable, please let us know as far in advance as possible.  If it is possible, we will try to schedule events around that time.

If an emergency arises and we cannot contact you, you agree that we have complete authority to make any decision which must be made in your absence.  You also agree that we will not be responsible for having made what proves to be the wrong decision so long as the decision appeared reasonable at the time.

Initial here: T.A.

Temidayo Akinyemi
June 22, 2009
Page 6

If you do not have a facsimile machine, we strongly urge that you purchase one. If you have a facsimile machine, we strongly urge that you move it to a place where confidentiality can be maintained.

Professional Liability Insurance. For your protection, we maintain professional liability insurance.

Conflicts of Interest. Under the professional rules of ethics for lawyers, we owe a duty of undivided loyalty to our clients. Because we represent the Client, we cannot provide legal advice to, or represent anyone else in connection with Client's Chapter 11 proceeding. In the case of corporate debtors this means that we cannot offer legal advice to, for example, stockholders, officers, directors or employees. Similar restrictions exist for partnership debtors and individual debtors.

Attorney-Client Privilege. If the client is a partnership, corporation, LLP, LLC or some other form of business entity, and if a trustee is appointed in the case, the trustee as new "management", is entitled to examine our entire legal file. This includes any matters which may normally be covered by the attorney/client privilege.

Withdrawal and Substitution of Counsel. Subject to certain legal restrictions (explained below), either WS or the Client may end the attorney-client relationship at any time. We will cooperate with the new attorney to make the transition as easy as possible. You agree that we are entitled to be paid under this agreement for the transition work. If we want to stop representing you, we will try to give you a thirty (30) day notice so that you may find another attorney. At the end of that time, you agree to sign a form which relieves us as your counsel and allows you to represent yourself. Your new attorneys can take over from that point. We may withdraw as your counsel with less than 30 days of notice if withdrawal becomes necessary due to: problems in the attorney/client relationship; the rules of ethics; or whenever such notice is impractical.

If the Bankruptcy Court has approved our employment, we cannot be terminated and we cannot withdraw without the approval of the Court. Even if our employment has not been approved, but we have merely made an appearance on your behalf before the Court, we must follow proper procedures before we can be terminated or before we can withdraw.

Our services end when we no longer have any responsibility for your case, and when we have been paid in full. This means that even after we are terminated or we withdraw, our employment will continue until we have filed the proper Court motion for approval of our fees and costs.

Other Attorneys. Sometimes we recommend that our clients hire another attorney with a different specialty. We may be able to recommend one or more attorneys whom we believe to be capable of doing the job. It is up to our Client. however. to meet with the attorney. decide if you wish to engage the attorney, and negotiate fees with that attorney. Whether you choose the attorney we recommend or someone else, you agree that we are not to be responsible for work done by others.

Client Files. With very limited exceptions, the client file and everything in it belongs to the Client. For that reason, the Client has the right to the Client's file.

Initial here: T.A.

---


Temidayo Akinyemi
June 22, 2009
Page 7

If you ask for the file, we have the right to remove certain limited items such as attorney notes and documents needed to collect our fees and costs (such as the original of this retainer letter). We generally also have the right to keep the file for a brief period of time to copy some or all of the file. Those copies are made at our own expense and they belong to the firm.

Finally, we have the right to keep the file so long as we remain attorney of record and responsible for your case.

At the conclusion of our services (when all billing has been completed), you may ask for your file, or leave it with WS for storage. WS will store the file for a period of two calendar years. While we will take reasonable precautions during that time, we are not responsible if the file is accidentally lost or destroyed. At the end of the two years, we will attempt to contact you by mail at the last known address. We will advise you of our intent to destroy the file. If we have not heard from you or you have not picked up your file within thirty (30) days after that notice, you agree that we may destroy the file and all of its contents.

## V.

## INTRODUCTION TO CHAPTER 11

The goal of Chapter 11 is to produce a "plan". That "plan" usually provides for repayment of some or all of the outstanding debt. The process of producing a plan can be complicated, frustrating, expensive and even risky.

We have approximately 60 years collectively among our attorneys in representing Chapter 11 debtors and we believe that we have the experience to guide you through a minefield of rules and guidelines. As part of that process, we do our best to anticipate upcoming problems and give you as much advance warning as possible.

The attached Addendum is the first step in that process. It describes many of the rules and regulations which a Chapter 11 Debtor must follow. Please read it carefully, several times. We want you to understand what your case is all about, so please call with any questions.

Initial here: T. A.

Temidayo Akinyemi
June 22, 2009
Page 8

## VI.

## CONCLUSION

This letter is very long and includes a lot of important information, but we believe it creates a good foundation for a successful working relationship.

After you have read the letter, and ONLY after we have answered any questions you may have, please sign the original and return it to the office. The copy is for your files.

Very truly yours,

WEINTRAUB & SELTH, APC

DANIEL J. WEINTRAUB

Enclosure

Temidayo Akinyemi
June 22, 2009
Page 9

## CLIENT STATEMENT

I have read this retainer letter. The background information included in Section II is correct. I understand how fees and costs will be charged. I agree to the terms described in Section III including the retainer. I understand that estimates are not binding and agree that any disputes will be resolved by the Bankruptcy Court. The information I have provided about the source of the retainer is correct and that WS has a duty of undivided loyalty to the client notwithstanding the source of money used to pay the fees and costs. I understand when legal services begin and when they end. I understand that decisions concerning the employment and compensation of WS are subject to Court approval. I understand what happens to files maintained by WS on behalf of its clients.

I have received answers to every question I have asked and I wish to employ Weintraub & Selth, APC under the terms and conditions described in this retainer letter.

I am duly authorized to enter into this agreement.


Date:    June 25, 2009


Temidayo Akinyemi

Temidayo Akinyemi
June 22, 2009
Page 10

## ADDENDUM TO CHAPTER 11 RETAINER LETTER

In this Addendum, "we" and "our" means the law offices of "Weintraub & Selth, APC". "You" and "your" means you, our client. The purpose of this Addendum is to introduce advise you about the special rules which apply in Chapter 11 cases.

### OFFICE OF THE UNITED STATES TRUSTEE.

The Office of the United States Trustee ("OUST") is a governmental agency assigned to monitor the progress of Chapter 11 cases. It is their job to be sure that debtors are following the rules and making progress in the case. If they believe that this is not so, they will ask the Court to dismiss the case, or to convert it to a Chapter 7 liquidation case.

To help them monitor the case, the OUST requires debtors to provide certain information. A list of what is required will be given to you with this Addendum. The list is very long, largely because each requirement is followed by information designed to help you satisfy the requirement.

Meeting the OUST requirements is one part of the case where you can control your legal fees. Experience has shown that clients who read the materials carefully need only a little bit of help from our office. The more you do, the less we do and the less we charge for doing it. The requirements generally require the debtor to provide information or copies of documents. We can and will remind you to provide these items, but ultimately, they must come from you.

If the items are not provided quickly enough, you will face a motion to dismiss or convert the case. Even if the Judge permits you to remain in Chapter 11 by denying the motion, you have spent thousands of dollars in legal fees AND you have damaged your reputation in the eyes of the Judge. This cannot help you the next time the Judge is asked to make a difficult decision about your case.

If you have any questions about the rules of Chapter 11, or the OUST requirements, please call the office. It is much better to ask questions now than to face a motion later.

Generally, when a new Chapter 11 case is filed the debtor is treated like a new person. If the debtor is not an individual, it must get a new IRS tax identification number. All debtors must open new bank accounts, take a physical inventory of business assets, and provide copies of all insurance policies then in force. There are many other requirements, all of which are described in the OUST materials we provide with this letter. If you have any questions about what is required or how to comply, please call the office as soon as possible.

The OUST is also entitled to collect a quarterly fee from all Chapter 11 debtors. The amount of the fee is based on the amount of money spent by the debtor during the prior calendar quarter. The quarterly fee is discussed in the OUST materials.

Remember that complying with OUST guidelines and requirements is an important way to minimize your legal fees.

Temidayo Akinyemi
June 22, 2009
Page 11

## EXECUTORY CONTRACTS.

While an extended discussion of this topic is premature, we must have copies of all leases as soon as possible. This includes office leases, warehouse leases, equipment leases, car leases and any other type of lease. We also need copies of any contract which the debtor has signed, but which has not yet been completed by the debtor.

IF NO LEGAL ACTION IS TAKEN TO PRESERVE SOME OF THESE LEASES AND CONTRACTS WITHIN THE FIRST SIXTY (60) DAYS AFTER THE CASE IS FILED, THE LEASES OR CONTRACT MAY BE TERMINATED. If that happens, your only alternatives are to negotiate a new deal, or go without.

## DISMISSAL OF YOUR CASE.

Once the case is filed, the debtor DOES NOT have the right to have the case dismissed. Instead, the permission of the Court is required and will be given only if it is in the best interests of EVERYONE concerned (including the creditors). Accordingly, filing a Chapter 11 case is not something you want to do without careful thought and preparation.

## CLIENT PARTICIPATION.

Regardless of who your attorney may be, there is no substitute for client participation. Our job consists of educating clients, describing options, estimating costs, and implementing client decisions. Clients, not lawyers, must make strategy decisions. Clients, not lawyers, must consider the available options, the expected consequences of taking each action, and the costs required to take that action. Clients should be present at important Court hearings so that understand why the Court makes the decisions it does. Chapter 11 cases quickly deteriorate without active client participation.

PLEASE HELP US TO HELP YOU.

## CLIENT STATEMENT

I have read the Addendum to this retainer letter. I have received a copy of the OUST materials. I have received a schedule of hourly billing rates.

Date:    June 25, 2009

Temidayo Akinyemi

27

Temidayo Akinyemi
June 22, 2009
Page 12

## WEINTRAUB & SELTH, APC
## HOURLY RATES

| | |
|---|---|
| DANIEL J. WEINTRAUB | 485.00 |
| JAMES R. SELTH | 450.00 |
| SUMMER SAAD | 325.00 |
| HAN LEE | 295.00 |
| PARAPROFESSIONAL | 285.00 |
| LEGAL ASSISTANTS | 150.00-175.00 |

# EXHIBIT "2"

## WEINTRAUB & SELTH, APC

### DANIEL J. WEINTRAUB

Mr. Weintraub obtained his Bachelor's degree in 1982, graduating Cum Laude from the University of California, Los Angeles (UCLA). He received his Juris Doctor from the University of Southern California in 1987, where he served as the Chair of Hale Moot Court Honors Program.

Mr. Weintraub specializes in chapter 11 reorganization, sophisticated consumer bankruptcy matters, insolvency counseling and other aspects of debtor/creditor representation. Mr. Weintraub began his career in the Banking and Finance Department of the nationally recognized firm of Sheppard, Mullen, Richter & Hampton and later served as in-house counsel for City National Bank.

Mr. Weintraub is a member of the Los Angeles County Bar Association, the Beverly Hills Bar Association, the Individual and Consumer Bankruptcy Sub-Committee of the LA County Bar Section on Commercial Law and Bankruptcy and Professionals Network Group, an alliance of senior level professionals from the fields of law, accounting, banking, finance, insurance and consulting.

Mr. Weintraub is a mediator appointed by the United States Bankruptcy Court for the Central District of California. Mr. Weintraub was a partner in the bankruptcy firm of Tilem White & Weintraub LLP prior to joining Mr. Aver in forming Weintraub & Aver LLP. Mr. Weintraub has also headed his own firm, Weintraub and Associates, which specialized in representing both debtors and creditors in all chapters of the United States Bankruptcy Code. Mr. Weintraub has extensive experience representing debtors and creditors in workouts and restructures before both state and federal courts.

### JAMES R. SELTH

Mr. Selth is a graduate of University of California, Riverside where he received a Bachelor of Arts Degree in Political Science and served an internship in the United States Senate. In 1985 he received his Juris Doctor Degree, Cum Laude, from Western State University.

Prior to becoming an attorney, Mr. Selth was employed for seven years by California Federal Savings & Loan Association, where he last worked as Assistant Vice President and Branch Manager of Cal Fed's Pasadena office.

Mr. Selth served as a Deputy District Attorney in Orange County for two years before joining the firm of McKinley & Capeloto in Pasadena in 1988, where he was a partner from 1994 until 2001. In 2002 Mr. Selth joined Weintraub Law Corporation as Senior Counsel. The firm became known as Weintraub & Selth, APC in 2004.

Mr. Selth is recognized as one of the leading consumer and small business bankruptcy attorneys in Southern California. He has represented over 250 debtors in Chapter 7, 11 and 13 cases in the past five years, as well as representing creditors and debtors in numerous adversary proceedings and contested matters.

In addition to representing debtors and creditors in a variety of matters, Mr. Selth has years of experience representing financial institutions and mortgage lenders in state courts and bankruptcy courts throughout California, specializing in areas of concern to credit unions. As a member of Provisors, an

alliance of senior level professionals from the fields of law, accounting, banking, finance, insurance and consulting, he is able to refer his clients to trustworthy, accountable, seasoned professionals in virtually any field.

A member of the Los Angeles County Bar Association and the Central District Consumer Bankruptcy Attorneys Association, Mr. Selth brings to Weintraub & Selth, APC a hands-on background in the banking industry and extensive trial and bankruptcy court experience. He handles and supervises state court and bankruptcy litigation as well as foreclosure and receivership matters.

## SUMMER SAAD

Ms. Saad is a 1997 graduate of the University of Oregon where she double majored and received a Bachelor of Arts degree in Political Science and International Studies. She received her Juris Doctor Degree in 2000 from the University of Oregon School of Law where she served as Associate Editor for the *Oregon Law Review* and was co-founder of the International Law Students Association's journal, *Pangea*.

Prior to becoming an associate attorney at Weintraub & Selth, APC, Ms. Saad served 5 years as a trial attorney in the public sector where she tried well over 100 trials, 27 of which were jury trials. Ms. Saad's public service included two years as a Deputy District Attorney in the Harney County District Attorney's Office in Burns, OR where she tried and orally argued one or more cases either substantively, procedurally or on an evidentiary matter, nearly every business day. Her trial experience also included three years as an Assistant Attorney General where she prepared hundreds of legal briefs for the hundreds of cases she tried in that capacity. Ms. Saad then applied her extensive courtroom experience to a general civil litigation practice for two years prior to joining Weintraub & Selth, APC.

## HAN K. LEE

Mr. Lee obtained his B.A. in Criminology, Law & Society in 1998 from the University of California, Irvine. He received his J.D. in 2002 from Loyola Law School, Los Angeles. During law school, Mr. Lee was a staff member of the Loyola Law Review during the 2001-2002 academic year. He was admitted to the California Bar and United States District Court, Central District of California in 2002.

Mr. Lee served as a Judicial Law Clerk for the Honorable Ernest M. Robles, Bankruptcy Judge for the Central District of California in 2002-2003. From 2003-2006, Mr. Lee was an associate attorney at Lewis Brisbois Bisgaard & Smith, LLP, where he primarily represented Chapter 7 Trustees. Prior to becoming an associate attorney at Weintraub & Selth, APC, in 2009, Mr. Lee was a partner at Lee & Kang, LLP, where he primarily served as general counsel for his corporate clients.

| In re:  TEMIDAYO AKINYEMI | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 2:09-bk-17862-EC |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**12121 Wilshire Blvd., Suite 1300, Los Angeles, CA  90025**

The foregoing document described **APPLICATION OF DEBTOR AND DEBTOR-IN-POSSESSION TO EMPLOY WEINTRAUB & SELTH, APC, AS GENERAL BANKRUPTCY FILING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>July 1, 2009</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Russell Clementson    russell.clementson@usdoj.gov
- Jerome S Cohen    jsc@jscbklaw.com
- Christopher M McDermott    ecfcacb@piteduncan.com
- John D Schlotter    bkmail@mrdefault.com
- John M Sorich    generalmail@aswlawoffice.com, kbernal@alvaradoca.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On <u>July 1, 2009</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>July 1, 2009</u> I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

**Deliver to: United States Bankruptcy Judge Ellen Carroll**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 1, 2009 | CHARLES SPEED | |
|---|---|---|
| _Date_ | _Type Name_ | _Signature_ |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.