Jerome S. Cohen - SBN 143727
3731 Wilshire Blvd., Suite 514
Los Angeles, CA 90010
Tel (213) 388-8188
Fax (213) 388-6188

Original Counsel for Debtor and Debtor In Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re: | ) CASE NO. 2:09-bk-17862-EC |
| | ) |
| TEMIDAYO AKINYEMI, | ) CHAPTER 11 |
| | ) |
| Debtor. | ) |
| | ) **FIRST INTERIM APPLICATION FOR** |
| | ) **ALLOWANCE AND PAYMENT OF FEES** |
| | ) **AND EXPENSES TO DEBTOR'S ORIGINAL** |
| | ) **BANKRUPTCY COUNSEL; DECLARATION** |
| | ) **OF JEROME S. COHEN IN SUPPORT** |
| | ) **THEREOF** |
| | ) |
| | ) Date: September 4, 2009 |
| | ) Time: 1:30 pm |
| | ) Ctrm: 1639 |
| | ) Place: Edward R. Roybal Federal Building |
| | )        255 E. Temple Street |
| | )        Los Angeles, CA 90012 |

TO THE HONORABLE ELLEN CARROLL, UNITED STATES BANKRUPTCY JUDGE:

Jerome S. Cohen ("Applicant") respectfully submits this First Interim Application for Allowance and Payment of Fees and Expenses to Debtor's Original Bankruptcy Counsel, Jerome S. Cohen.

Applicant served as counsel for Temidayo Akinyemi, Debtor In Possession (the "Debtor") from the inception of the Debtor's Chapter 11 case on April 3, 2009 until the Debtor substituted Weintraub & Selth APC as his counsel on June 23, 2009. Accordingly, this Application covers the period from the filing of the petition on April 3, 2009 through and including July 10, 2009.

**TABLE OF CONTENTS**

I.    Brief History of the Case.................................................................................................3

II.   The Entry of the Order Approving Employment of Applicant
      and Applicant's Present Request for Fees and Costs............................................................4

III.  Prior Fee Applications......................................................................................................4

IV.   Interim Fees Previously Received by Applicant...............................................................4

V.    Services Rendered in the Period Covered By This Application........................................5

              1.    Case Administration..................................................................................5

              2.    Claims Administration...............................................................................5

              3.    Asset Analysis ...........................................................................................6

VI.   Detailed Listing of Applicant's Services and Time............................................................6

VII.  Hourly Rates of Applicant and Associate .........................................................................7

VIII. The Amount Requested Is Reasonable and Appropriate....................................................7

IX.   Declaration of Jerome S. Cohen........................................................................................10

      Table of Exhibits...............................................................................................................11

# I.

## BRIEF HISTORY OF THE CASE.

On April 3, 2009, Temidayo Akinyemi (the "Debtor") contacted Jerome S. Cohen ("Cohen") regarding Chapter 11 bankruptcy relief. On the same date, Debtor retained Cohen as his bankruptcy counsel and commenced his case by filing an emergency voluntary petition under Chapter 11. The emergency filing was prompted by a foreclosure sale that was scheduled to take place in a few days. Since the commencement of the case, Debtor has served as the Debtor In Possession while continuing to operate his business, which is the rental of residential real estate properties in Los Angeles County.

Subsequent to the filing of Debtor's emergency petition, Debtor filed the required schedules and statements of affairs and is in full compliance with Rule 1007 of the Federal Rules of Bankruptcy Procedure.

Debtor has submitted his 7-Day Package to the UST.

On May 8, 2009, Debtor deposited a post-petition retainer of $7,500.00 to Applicant for Applicant's legal services and pursuant to Debtor's retainer agreement. Applicant deposited the full retainer amount in Applicant's client trust account. Applicant did not draw from the retainer.

On May 14, 2009, the Debtor's Section 341(a) Meeting of Creditors was held and concluded by the UST.

On June 22, 2009, Applicant unexpectedly received an email from Weintraub & Selth APC ("Weintraub") informing Applicant that Debtor retained Weintraub as new bankruptcy counsel. Prior to this email, Applicant was unaware of Debtor's intention to replace Applicant as Debtor's Counsel. Applicant accordingly continued providing services to the Debtor and was still involved in on-going communications with Debtor's creditors, appraiser, and accountants involved in Debtor's case. Upon receiving the email, Applicant promptly notified interested parties of the change in Counsel and relayed Weintraub's contact information. Applicant promptly prepared Debtor's files and Debtor's funds for turnover.

On June 23, 2009, Applicant executed a Substitution of Attorney, which new counsel filed with the Court.

On June 24, 2009, the Court held a Status Conference.

On June 25, 2009, Applicant turned over Debtor's files to Weintraub's office and the full $7,500.00 post-petition retainer.

## II.

## THE ENTRY OF THE ORDER APPROVING EMPLOYMENT OF APPLICANT AND APPLICANT'S PRESENT REQUEST FOR FEES AND COSTS

On May 1, 2009, Applicant timely submitted his employment application to the Bankruptcy Court. On May 27, 2009 the court entered its order authorizing Applicant's employment as of April 30, 2009.

By this First Interim Fee Application, Applicant seeks payment for his work on the Debtor's case in Applicant's capacity as Debtor's Counsel from April 3, 2009 through June 23, 2009. The fees sought in the period of June 24, 2009 through July 10, 2009 are for legal services necessary for the successful turnover of the Debtor's case to Weintraub and for the preparation of the instant Fee Application.

Applicant entered the case with no balance of a pre-petition retainer.  Upon signing Applicant's retainer agreement during the pre-petition period, Debtor paid Applicant the sum of Eight Thousand Dollars ($8,000.00) for the extensive pre-filing consultations, review of documents, and preparation and filing of Debtor's emergency petition.

## III.

## PRIOR FEE APPLICATIONS

There have been no prior fee applications.

## IV.

## INTERIM FEES PREVIOUSLY RECEIVED BY APPLICANT

Applicant has received no previous fees.

\\

# V.

## SERVICES RENDERED IN THE PERIOD COVERED BY THIS APPLICATION

Applicant's services rendered in the period covered by this interim fee application are detailed in attached invoices, categorized and summarized as prescribed by the Office of the U.S. Trustee. In brief, the services include the following:

1. **Case Administration**: Applicant has assembled, sorted, and reviewed Debtor's financial and business records, agreements, notes, deeds of trust and bills. Applicant supervised the filing of Debtor's schedules and statement of financial affairs to ensure full compliance with Rule 1007 of the Federal Rules of Bankruptcy Procedure. Further, Applicant supervised Debtor's satisfaction of U.S. Trustee compliance requirements. Applicant communicated with Debtor's long-time personal accountant to familiarize Debtor's accountant with Chapter 11 requirements. When subsequent events indicated the need for a new accountant with Chapter 11 experience, Applicant introduced a new accountant and familiarized this accountant with the Debtor's Chapter 11 case. This required Applicant to conduct several conference calls to the new accountant and arrange preparation and analysis of various cash flow statements.

Applicant's office was in almost daily communication with the Debtor and has informed Debtor of bankruptcy law, substantive and procedural.

2. **Claims Administration**: This case has gone forward in a historically unique period of plunging real property values. Debtor's assets are parcels of residential real property in Los Angeles County. Applicant obtained quotes from several appraisers in the Los Angeles area and obtained an order authorizing employment of the appraiser, and coordinated with the appraiser to obtain valuations of the properties.

In addition, Applicant contacted the secured lenders of a 16 unit property to which Debtor's wholly owned limited liability company holds title and in which the Debtor's bankruptcy estate has a therefore substantial interest. Applicant negotiated a loan modification agreement with the 2nd, 3rd, and 4th note holder on the property and subsequently drafted the

- 5 -

agreement, which was promptly executed by the parties. In addition, Applicant's efforts with the 1st note holder of the 16 unit property yielded the beginning stages of a loan modification and an agreement from the secured lender to abstain from seeking stay relief despite a 90 day delinquency on the note.

Applicant's services in this category also include: substantive research and settlement negotiations with counsel for the secured creditor of Debtor's vehicle to obtain a modification or reduction of the loan balance, communications with Debtor's Homeowner's Association, Tenants, and other creditors with potential claims against the estate.

**3.** **Asset Analysis:** Applicant assembled loan documents, obtained property profiles and analyzed each of the Debtor's real property assets, with emphasis on valuation and loan terms. Applicant also examined accountant's spreadsheets to analyze cash flow and feasibility of Debtor's plan. Applicant briefed and aided an accountant (whose compensation is not sought in this fee application) in the preparation of several cash flow statements (with varying interest, amortization, and valuations) to determine plan feasibility over 3-5 years.

Applicant also contacted several contractors regarding the renovations of Debtor's 3-unit apartment complex.

**VI.**

**DETAILED LISTING OF APPLICANT'S SERVICES AND TIME.**

Attached as **Exhibits A, B, C, and D** are Applicant's four monthly billing statements covering the period April 3, 2009 through July 10, 2009. These statements contain a detailed breakdown showing all time spent by Applicant on matters for which he seeks compensation. This breakdown includes for each service: the date, the professional who performed the service, a detailed description of the service, the time billed (in one tenth of an hour increments), and the resulting amount.

**Exhibit E** attached hereto presents the Summary Sheet prescribed by the U.S. Trustee.

\\
\\
\\

- 6 -

## VII.

## A LISTING OF THE HOURLY RATES OF APPLICANT AND ASSOCIATE.

Applicant agreed to serve in this case at an hourly rate of four hundred dollars ($400.00). This rate is at the low end of rates of other qualified practitioners with similar experience and qualifications. Furthermore, a majority of the fees sought in the instant fee application are for the services of Applicant's Associate, whose hourly rate is significantly lower. The rates are as follows:

| Name of Professional | Title | Rate |
|---|---|---|
| Jerome S. Cohen | Partner | $400.00 |
| Elaine V. Nguyen | Associate | $250.00 |

Elaine V. Nguyen ("Nguyen") is an Associate Attorney with Applicant's office. Her work is supervised closely by Applicant and her qualifications are as follows. Nguyen received her Juris Doctorate from the University of California, Hastings College of the Law in 2007. While in law school, she served as an extern for the Honorable Leslie Tchaikovsky at the U.S. Bankruptcy Court, Northern District of California and as an intern for the Office of the U.S. Trustee in Oakland. Prior to joining Applicant's office, Nguyen was an associate in the Bankruptcy Department of Nicastro Piscopo. She is admitted to the State Bar of California and is a member of the Central, Southern, Northern and Eastern Districts of California.

## VIII.

## THE AMOUNT REQUESTED IS REASONABLE AND APPROPRIATE.

According to Applicant's monthly invoices filed herewith as Exhibit A, the total due from Debtor to Applicant as of July 10, 2009 was Twenty-Six Thousand Sixty-Two Dollars And Fifty Cents ($26,062.50). Applicant requests an order allowing and ordering immediate payment of the total balance due. Payment at this juncture is appropriate considering that Applicant served constructively as Debtor's counsel, Applicant holds no funds from the Debtor as a retainer, and Applicant has not received any post-petition payments from the Debtor for Applicant's services as bankruptcy counsel. On May 8, 2009 Applicant received $7,500.00 as a

retainer from the Debtor, which the Applicant held in trust and promptly transferred to Debtor's new bankruptcy counsel within one day of the substitution.

The intent of Congress in drafting the Bankruptcy Reform Act of 1978 was to attract highly qualified practitioners to the field of bankruptcy by permitting payment of reasonable fees to bankruptcy practitioners. In Re Nu Corp Energy, Inc., 764 F.2d 655, 658 (9th Cir. 1985). In order to calculate reasonable attorney's fees, this Court should begin by multiplying the number of hours expended by Applicant by his reasonable hourly rate. In Re Manoa Finance Co., Inc., 853 F.2d 687, 691, (9th Cir. 1988). In addition to multiplying hours by rates, the Court may also look at other factors to determine a proper award of attorney's fees. When reviewing fee applications, the Court may choose to consider:

1. the time and labor involved;
2. the novelty and complexity of the legal questions in the case;
3. the skill required to perform the legal services properly;
4. the preclusion of other employment by attorneys due to the acceptance of the case;
5. the customary fees for similar work;
6. whether the fee is fixed or contingent (and in Chapter 11, the court may consider Applicant's risk that if a plan is not confirmed, Applicant's administrative expenses would be subordinate to Chapter 7 administrative expenses);
7. the time limitations imposed by the case;
8. the amount of claims involved and the results obtained by the services;
9. the experience, reputation, and ability (i.e., the skill of the attorney);
10. the undesirability of the case.

In Re Yermakoff, 718 F.2d 1465, 1471 (9th Cir. 1983), citing factors stated in the seminal Bankruptcy Act case of Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974).

\\

1         This case has required significant time and labor.  It has required maturity,
2  judgment, and guidance of the Debtor's business and legal affairs.  Applicant has served with
3  loyalty, care, skill, diligence, and prudence.  Applicant has provided cost effective services.
4  Applicant is a sole practitioner, and this is a significant matter for the firm. Applicant has
5  continued providing service at a high level, even while unpaid over a three month period for the
6  services involved herein.

8        WHEREFORE, Applicant requests that this Court allow and authorize immediate
9  payment of the total of Twenty-Six Thousand Sixty-Two Dollars And Fifty Cents ($26,062.50)
10 detailed in applicant's billings as interim compensation for legal services rendered.

                                                        Respectfully Submitted,

Date: July 10, 2009                        */s/ Jerome S. Cohen*
                                                        Jerome S. Cohen
                                                         Original Counsel for Debtor
                                                         And Debtor in Possession

# IX.

## DECLARATION OF JEROME S. COHEN

I, Jerome S. Cohen, declare:

1. I served as original counsel to the Debtor In Possession.

2. I make these statements from my own knowledge.

3. I prepared the First Interim Application for Allowance and Payment of Fees and Expenses to Debtor's Original Bankruptcy Counsel ("Fee Application"). The matters stated are true and correct.

4. The amounts requested for fees are based on services actually rendered, as reflected in my records kept in the ordinary course of business.

5. On July 10, 2009 I sent a copy of the Fee Application to Debtor's new bankruptcy counsel Weintraub & Selth APC ("Weintraub") for the Debtor's review and approval. I requested a response regarding the Debtor's approval or objection of the Fee Application by July 20, 2009. The Fee Application was sent to the Weintraub office via Overnight Express Delivery, shipment no. 32418-000011-V10.  On July 13, 2009 the Fee Application was received by the Weintraub office.

6. On July 16, 2009 I received an email from Weintraub requesting additional time for the Debtor's response to the Fee Application.

7. In the interest of submitting this Fee Application shortly after my substitution as Debtor's bankruptcy counsel I request that the Court find my attempts to obtain the Debtor's declaration and response to the Fee Application sufficient and in accordance with LBR 2016-1(a)(1)(J).

8. Moreover, I have reviewed the requirements of LBR 2016-1. This Fee Application comports with the requirements set forth in LBR 2016-1.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:   July 17, 2009                         */s/ Jerome S. Cohen*
                                              Jerome S. Cohen
                                              Original Counsel for Debtor
                                              And Debtor in Possession

- 10 -

1 In re TEMIDAYO AKINYEMI

2 Chapter 11 Case No. 2:09-bk-17862-EC

3

4 Debtor's Original Bankruptcy Counsel's

5 Fees and Costs Advanced

6 April 3, 2009- July 10,2009

7

8 **TABLE OF EXHIBITS**

| | |
|---|---|
| Exhibit A | April 3, 2009-April 30, 2009 |
| Exhibit B | May 2009 |
| Exhibit C | June 2009 |
| Exhibit D | July 2009 |
| Exhibit E | U.S. Trustee Summary Sheet |

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.
My business address is: 3731 Wilshire Boulevard, Suite 514, Los Angeles, CA 90010.

The foregoing document described as

**FIRST INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES TO DEBTOR'S ORIGINAL BANKRUPTCY COUNSEL; DECLARATION OF JEROME S. COHEN IN SUPPORT THEREOF**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On July 17, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

                                                     X     Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**  On July 17, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

                                                     X     Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

                                                   G     Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date   July 17, 2009                                  */s/ Alberto Ruiz*
                                                               Alberto Ruiz

**Service List**
**In re TEMIDAYO AKINYEMI**
**Case No. 2:09-BK-17862-EC**

**Served by Court via "NEF"**
Russell Clementson on behalf of U.S. Trustee United States Trustee (LA)
russell.clementson@usdoj.gov

Jerome S Cohen on behalf of Debtor Temidayo Akinyemi
jsc@jscbklaw.com

Christopher M McDermott on behalf of Interested Party Courtsey NEF
ecfcacb@piteduncan.com

John D Schlotter on behalf of Interested Party Courtesy NEF
bkmail@mrdefault.com

John M Sorich on behalf of Creditor Metrocities Mortgage, LLC
generalmail@aswlawoffice.com, kbernal@alvaradoca.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

**Debtor**
Temidayo Akinyemi
1125 East Broadway (No. 226)
Glendale, CA 91205

Office of the U.S. Trustee
Los Angeles
725 S. Figueroa St. Suite 2600
Los Angeles, CA 90017

Weintraub & Selth
12121 Wilshire Blvd #1300
Los Angeles, CA 90025